UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY AYERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTE,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01301-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST AND SECOND SCREENING ORDER[1]<br><br>(Doc. No. 9)<br><br>JANUARY 21, 2025 DEADLINE |

　　　　Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil amended rights complaint filed under 42 U.S.C. § 1983 by Bobby Ayers—a prisoner. (Doc. No. 9, "amended complaint"). Upon review of the amended complaint, it appears Plaintiff did not avail himself of the administrative remedies available through the California Department of Corrections ("CDCR") prior to filing suit. A failure to exhaust administrative remedies is fatal to a prisoner's complaint.

　　　　Prior to recommending dismissal of this action, the Court will afford Plaintiff an opportunity to show cause why the Court should not dismiss the FAC for failure to exhaust administrative remedies. Plaintiff is warned that if he commenced this action before exhausting his administrative remedies and he is not excused from the exhaustion requirement, a dismissal on

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

this basis will count as a strike under 1915(g).[2] *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016). Alternatively, because no defendant has yet been served, Plaintiff may file a notice of voluntarily dismissal without prejudice under Federal Rule of Civil Procedure 41 to avoid a strike. After Plaintiff exhausts his administrative remedies, he may refile a new complaint in a new action.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil suit. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93.

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937).

---

[2] An inmate who accumulates three or more strikes may be barred from proceeding *in forma pauperis* in future civil actions.

A prisoner need not plead or prove exhaustion in a civil rights action. Rather, is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218. However, where exhaustion is apparent from the face of a complaint, the court is required to dismiss the complaint and the dismissal constitutes a strike under the PLRA. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

Plaintiff admits that there is administrative remedy process available to him at his institution, but in response to whether the process is complete he checks the box, "No." (Doc. No. 9 at 2). Specifically, Plaintiff states "I'm waiting to get my last of all my paperwork." As noted, exhaustion is a condition precedent, in other words an inmate must complete the available administrative remedy **before** he files his civil action in federal court.

Accordingly, it is hereby ORDERED:

1. **No later than January 21, 2025**, Plaintiff shall deliver to correctional officials for mailing his response to this order to show cause why this action should not be dismissed for his failure to exhaust his administrative remedies.

2. In the alternative, by the same date, Plaintiff may deliver a notice of voluntary dismissal without prejudice under Federal Rules of Civil Procedure 41(a)(1)(A)(i).[3]

3. Plaintiff's failure to timely to respond to this show cause order will result in the recommendation that this action be dismissed either as a sanction for failure to comply with a court order or prosecute this action consistent with Local Rule 110 and/or for failing to exhaust administrative remedies.

Dated:   December 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[3] This procedural rule vests a plaintiff with authority to voluntarily dismiss an action without prejudice before a party responds to the operative complaint as a matter of law. A without prejudice dismissal permits a party to refile an action.

3