UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY AYERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTE,<br><br>　　　　Defendant. | Case No.　1:24-cv-01301-HBK (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE |

　　　　On December 23, 2024, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to exhaust his administrative remedies and advised Plaintiff of the January 21, 2025 deadline to mail his response. (Doc. No. 10). On March 6, 2025, Plaintiff filed a motion for a 90-day extension of time to file his response. (Doc. No. 12). Plaintiff states that the extension is necessary due to issues with accessing the prison's law library. (*Id*.). The docket indicates that Plaintiff was transferred to a new facility on or around January 21, 2025. (Doc. No. 11).

　　　　Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the existing deadline. Fed. R. Civ. P. 6(b)(1)(A). If made after the time has expired, a party must also show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Here the Motion was made after the time expired and it does not explain why

1

he did not move before the time expired. The Court will presume that Plaintiff's transfer constitutes excusable neglect. The Court further finds Plaintiff's pro se and incarcerated status constitutes good cause exists to grant Plaintiff an extension of time. The Court, however, finds a 90-day extension excessive, but will grant a more limited 45-day extension.[1]

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Extension of Time (Doc. No. 12) is GRANTED IN PART.
2. Plaintiff's response to the Order to Show Cause Why Case Should Not Be Dismissed for Failure to Exhaust and Second Screening Order, dated December 23, 2024, shall be delivered to correctional officers for mailing **no later than April 21, 2025**.
3. Absent further leave of the Court, Plaintiff's failure to timely comply with this Order and to file his response to the December 23, 2024 order to show cause within this specified time will result in the recommendation that this action be dismissed, either as a sanction for failure to comply with a court order or for failure to prosecute this action consistent with Local Rule 110.

Dated:   March 7, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Inmates who have established court deadlines may apply for PLU status. Cal. Code of Regs. tit. 15, 3122(b). Inmates who are granted PLU status based on their application shall receive higher priority to prison law library resources than other inmates. *Id.*