UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY AYERS,<br><br>                     Plaintiff,<br><br>          v.<br><br>SERGEANT VASQUEZ AND OFFICER HUDSON,<br><br>                     Defendants. | Case No.  1:24-cv-01301-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 20)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights Third Amended Complaint filed under 42 U.S.C. § 1983 by Bobby Ayers—a prisoner. (Doc. No. 20, "TAC"). For the reasons set forth below, the undersigned recommends the district court dismiss the TAC because it fails to state any cognizable federal claim.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a *pro se* litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad

1  faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by

2  amendments previously allowed . . . ." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892

3  (9th Cir. 2010).

**BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT**

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on October 24, 2024.[2]  (Doc. No. 1).  On November 4, 2024, the undersigned screened Plaintiff's complaint and found that it failed to state any cognizable constitutional claim. (*See* Doc. No. 8).  The Court advised Plaintiff of the pleading deficiencies and applicable law, and afforded Plaintiff an opportunity to file an amended complaint. (*Id*.).  Specifically, in addition to not identifying the name of the defendant and date on when the acts giving rise to the claims occurred, the Court pointed out that Plaintiff did not provide sufficient facts attendant to the use of force, i.e. what, if anything precipitated the use of force. Due to these basic pleading deficiencies, the Court cannot evaluate Plaintiff's Eighth Amendment claim on the merits. (*Id*. at 7).

On December 23, 2024, Plaintiff filed a First Amended Complaint.  (Doc. No. 9). Because Plaintiff admitted that he had not exhausted his administrative remedies, the Court issued a show cause order.  (Doc. No. 10).  After Plaintiff failed to respond to the show cause order, despite being afforded an extension of time, the Court submitted Findings and Recommendations to the district court On May 6, 2025, recommending dismissal of the First Amended Complaint due to Plaintiff's failure to prosecute the case and exhaust administrative remedies.  (Doc. No. 15). On May 27, 2025, Plaintiff filed objections to the Court's Findings and Recommendations, asserting that he exhausted administrative remedies and that any delay in responding to Court orders was due to prison lockdowns. (Doc. No. 16).  On May 30, 2025, the undersigned recalled the Court's May 6, 2025 Findings and Recommendations. (Doc. No. 17).

---

[2] The Complaint alleged two claims that appear to have arisen out of the same incident. Under Claim 1, captioned "Falsifying Documents," the Complaint states, "I was lied on saying I attacted [sic] a C/O when I was cuffed in waist restraints. And slammed up against the wall. Then to the floor." (Doc. No. 1 at 3). Under "Injury" the Complaint states, "My shoulder was messed up I can't sleep on my left side." (*Id*.). Under Claim 2, captioned "Excessive Force by an Officer," the Complaints states, "I was slammed into the wall 3 times and then to the ground on my Face. I was not even fighting them." (*Id*. at 4). Under "Injury," the Complaint states, "shoulder." (*Id*.).

1       Plaintiff had attached a Second Amended Complaint to his objections which the Court

2 directed the Clerk to accept. (Doc. No. 18, "SAC").[3]  On June 13, 2025, the undersigned

3 screened Plaintiff's SAC and found that it failed to state any cognizable constitutional claim.

4 (*See* Doc. No. 19.). Specifically, the Court found that, *inter alia*, Plaintiff failed to "provide

5 sufficient facts regarding the circumstances surrounding the use of force, including what, if

6 anything, precipitated it." (*Id*. at 5.).  The Court afforded Plaintiff "a final opportunity to file an

7 amended complaint or voluntarily dismiss the operative complaint before recommending

8 dismissal to the district court." (*Id*. at 1.).  On July 1, 2025, Plaintiff filed the TAC. (Doc. No.

9 20).

10       Thus, the TAC is the operative pleading.  The events giving rise to the TAC occurred at

11 California Department of Corrections and Rehabilitation ("CDCR") California Correctional

12 Institution ("CCI"). (*Id*. at 2-3). Plaintiff brings this action against Defendants Sergeant Vasquez

13 and Officer Hudson, and again asserts a single claim of excessive force in violation of the Eighth

14 Amendment. (*Id*.). Plaintiff TAC suffers from the same deficiencies as his Complaint and SAC.

15 Due to its brevity, the Court cites Plaintiff's supporting facts in full:

16 > On July 15, 2024, my Third Amendment was violated by Sergeant Vasquez and Officer Hudson by using cruel and unusual punishment. I was in shackles when they slammed me.
>
> …
>
> I was in shackles and slammed hard on my face. And my air supply was cut off with a knee in my neck. I was not a hostile person when this was going on.

21 (*Id*. at 3 (unedited)). As relief, Plaintiff seeks $100,000 in damages for his wrist and shoulder

22 injuries, as well as for the pain and suffering caused by his Post-Traumatic Stress Disorder

23 resulting from the attack. (*Id*. at 5).

24 ////

---

[3] Due to its brevity, the Court cites Plaintiff's supporting facts set forth in the SAC in full:

> I was in the board room and was attacked by Sgt Vasquez and C/O Hudson. They both grabbed me and slammed me up against the wall multiple times. And then to the ground slamming on my face and then putting a knee on my neck cutting off my air making it hard for me to breathe.

(*Id*. at 3 (unedited)).

# APPLICABLE LAW AND ANALYSIS

## A. Section 1983 and Rule 8

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)). To comply with Federal Rule of Civil Procedure 8, a complaint must contain sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

## B. Eighth Amendment Excessive Use of Force

Prison officials who use excessive force against inmates violate the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate . . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321

5

(1986)). This requires a plaintiff to provide sufficient details of the incident for the court to ascertain why force was used. *See Medel v. Arakawa*, 2025 WL 1356941, at *2 (C.D. Cal. Apr. 2, 2025) (dismissing plaintiff's claim for failure to "allege any facts or circumstances surrounding the alleged use of force [ ], such as where the incident occurred, how [p]laintiff came to encounter Officer Varella, or what Plaintiff was doing when Officer Varella released the police dog.").

While courts consider the extent of injury suffered by the inmate, a plaintiff need not allege a "significant" or "serious" injury to state a claim. *Hudson*, 503 U.S. at 9. This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry, but rather is "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Id*. at 7 (quoting *Whitley*, 475 U.S. at 321). Consequently, the extent of injury may provide some indication of the amount of force applied. As the *Wilkins* Court noted, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37 (internal quotation omitted) (quoting *Hudson*, 503 U.S. at 9).

The TAC, like Plaintiff's Complaint and SAC, attempts to assert an Eighth Amendment excessive use of force claim against Defendants Sergeant Vasquez and Officer Hudson. As the Court previously stated in its June 13, 2025 Screening Order, Plaintiff again "does not provide sufficient facts regarding the circumstances surrounding the use of force, including what, if anything, precipitated it." (Doc. No. 19 at 5). Due to these basic pleading deficiencies, the Court cannot evaluate Plaintiff's Eighth Amendment claim on the merits. *See Medel*, 2025 WL 1356941, at *2; *Barrow v. Warden California Med. Facility*, 2011 WL 5083154, at *3 (E.D. Cal. Oct. 25, 2011) (finding that the plaintiff failed to sufficiently describe the circumstances surrounding the use-of-force incident, leaving the court unable to discern the motivation for the alleged conduct or determine whether the plaintiff claimed any resulting injury.); *Wallace v. Hefner*, 2007 WL 3096555, at *3 (E.D. Cal. Oct. 22, 2007) ("[P]laintiff's allegations are not sufficient to give rise to a claim for relief against defendant for violation of plaintiff's Eighth Amendment rights. Plaintiff has not alleged facts indicating that the force used by defendant was not a *de minimus* use of physical force applied in a good-faith effort to maintain or restore

1  discipline. Therefore, the court finds that plaintiff fails to state a claim against defendant for
2  violation of her rights under the Eighth Amendment.").
3        Plaintiff fails to provide any context or the circumstances as to why force was utilized,
4  despite being afforded multiple opportunities to explain the circumstances surrounding the use of
5  force.  Thus, the Court cannot evaluate Plaintiff's conclusory assertions that the force used
6  amounted to cruel and unusual punishment.  Indeed, the Court need not accept as true conclusory
7  assertions, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*,
8  643 F.2d at 624.

## CONCLUSION AND RECOMMENDATION

10        Based on the above, the undersigned finds Plaintiff's TAC fails to state any cognizable
11  claim.  The TAC suffers from many of the same pleading deficiencies identified in Plaintiff's
12  previous pleadings that were explained to Plaintiff in the screening orders.  Despite being
13  provided with guidance and the applicable legal standards, Plaintiff was unable to cure the
14  deficiencies described above.  A plaintiff's repeated failure to cure a complaint's deficiencies
15  constitutes "a strong indication that the [plaintiff has] no additional facts to plead." *Zucco*
16  *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal
17  quotation marks omitted).  Thus, the undersigned recommends that the district court dismiss the
18  TAC without further leave to amend.  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007)
19  (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to
20  amend is particularly broad where court has afforded plaintiff one or more opportunities to amend
21  his complaint).
22        Accordingly, it is **RECOMMENDED**:
23        The Third Amended Complaint (Doc. No. 20) be dismissed under § 1915A for failure to
24  state a claim and this case be dismissed.

## NOTICE TO PARTIES

26        These Findings and Recommendations will be submitted to the United States District
27  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
28  after being served with a copy of these Findings and Recommendations, a party may file written

7

objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   July 3, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE